# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | Case No. 2:10-CV-0964 |
| Plaintiff, | |
| v. | JUDGE ALGENON L. MARBLEY |
| JAGAJI, INC., *et al.*, | Magistrate Judge King |
| Defendants. | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Choice Hotels International, Inc.'s ("Choice Hotels'") Motion for Summary Judgment, brought pursuant to Rule 56 against Defendants Jagaji, Inc., and Daniel Patel (jointly, "Jagaji"). (Dkt. 18.) Choice Hotels claims the evidence it originally provided in support of its Complaint establishes that no genuine issues of material fact exist, and it is entitled to summary judgment on all its claims, consisting of trademark infringement, unfair competition, and related state law claims. Jagaji opposes Choice Hotels' motion, and maintains the existence of triable issues of fact. For the reasons stated herein, Choice Hotels' Motion for Summary Judgment is **GRANTED** with respect to all its claims.

### II. BACKGROUND

#### A. The Parties

Choice Hotels is in the business of operating and franchising hotels. The business was founded in the 1930s, and has grown from a small chain of roadside motels to become one of the

largest and most successful lodging franchisors in the world. Choice Hotels offers high value, mid-priced, hotel, motel and restaurant services under such well-known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®. (Compl., ¶ 15.)

Choice Hotels and/or its predecessor in interest have offered lodging services under a family of ECONO LODGE marks since at least as early as 1965. (*Id.* ¶ 16.) Choice Hotels is the owner of several United States Trademark Registrations for its ECONO LODGE family of marks. (*Id.* ¶17.) The family of ECONO LODGE marks owned by Choice Hotels includes but is not necessarily limited to, United States Trademark Registration Nos. 813642, 1799814, 2178518, 2878530, 3489688, 3522065, 3522067, and 3522199 (hereinafter, the "ECONO LODGE Marks"). (*See* Compl., Exhs. 1-8.)

Jagaji, Inc. is an Ohio corporation with its principal office located in Marietta, Washington County, Ohio. Mr. Dinesh Patel is a natural person engaging in the provision of hotel/motel services. Mr. Bhogi Patel was the general manager of the hotel operated by Jagaji from October 2000 until December 2010. On or about July 31, 2000, Choice Hotels entered into a Franchise Agreement with Jagaji ("the Agreement") which permitted Jagaji to open and operate an ECONO LODGE hotel franchise at 702 Pike Street, Marietta, Ohio 45750 (hereinafter, "the Property"). (Compl., ¶ 31; Exh. 9.)

### B. The Termination of the Franchise Agreement and Trademark Dispute

Choice Hotels claims that, prior to July of 2008, Jagaji defaulted on its material obligations under the Agreement by failing to respond to guest complaints. On or about July 18, 2008, Choice Hotels sent Jagaji a Notice of Default letter, articulating the areas of alleged breach

2

and offering Jagaji the opportunity to take curative action to avoid termination of the Agreement. (Compl., ¶ 37; Exh. 10.)  In that notice, Choice identified the area of default as Jagaji's failure to respond to guest complaints as required by the Agreement and ECONO LODGE rules and regulations.  (*Id.*)  On or about October 8, 2008, Choice Hotels sent Jagaji a second Notice of Default, this time citing Jagaji's failure to pay its monthly franchise fees and other financial obligations under the Agreement to Choice Hotel on time.  (B. Patel Decl., Exh A.)  Jagaji submits documentary evidence of certain payments of the outstanding amounts; however, it admits that the outstanding payments were not made within the timeframe demanded by the Notice of Default.  (B. Patel Decl., ¶ 6, Exh. B.)

On or about November 17, 2008, Choice Hotels sent Jagaji a Notice of Termination, stating Choice's termination of the franchise relationship and Agreement between it and Jagaji, effective immediately.  (*Id.* ¶ 40; Exh. 11.)  The Notice of Termination referred to the reasons provided in the July 18, 2008 Notice of Default (failure to respond to customer complaints) as the basis for termination of the franchise relationship; however, it also sought payment of remaining outstanding debts from Jagaji and lost profits under the Agreement, for a combined total demand of $50,040.42.  (Exh. 11, p. 2.)  The Notice of Termination instructed Jagaji immediately to cease use of any and all marks owned by Choice Hotels.  (*Id.*)  The Notice of Termination informed Jagaji that its continued use of the ECONO LODGE family of marks would constitute trademark infringement.  (*Id.*)  Sometime in November 2008, Choice Hotels removed Jagaji from its Econo Lodge reservation system.  (B. Patel Decl., ¶ 8.)

After receiving the Notice of Termination, Jagaji continued to use the ECONO LODGE family of marks in, around, and in publicity for, Jagaji's hotel on the Property.  (*Id.* ¶ 47.)  Bhogi Patel "believed [Jagaji] could be reinstated once all questions were answered."  (B. Patel Decl., ¶

8.) In 2009, Jagaji received three successive form letters from Choice dated July 9, July 22, and August 17, 2009, regarding certification procedures of its hotel general manager. (B. Patel Decl., Exh. C.) Bhogi Patel claims these letters gave him the understanding that Choice Hotels still considered Jagaji to be a franchisee, that the relationship had not been terminated, and that there was a possibility of Jagaji being reinstated into the Ocono Lodge reservation system. (*Id.* ¶ 9.)

On or about November 17, 2009, Choice Hotels sent another letter to Jagaji by certified mail regarding Jagaji's continued unauthorized use of the ECONO LODGE family of marks (the "Infringement Letter"). In the Infringement Letter, Choice Hotels stated to Jagaji that it considered Jagaji's continued unauthorized use of the ECONO LODGE family of marks to be trademark infringement, and once again demanded that Jagaji immediately cease its use of the ECONO LODGE family of marks. (Compl., Exh. 12.) Jagaji claims that, as of November 30, 2009, it had discontinued its use of ECONO LODGE marks and changed the name of its hotel on the Property to the "Marietta Inn." (B. Patel Decl. ¶ 11.) Jagaji admits, however, that even after that date it continued to display ECONO LODGE signage on the Property. (*Id.*)

Choice Hotels filed the Complaint against Jagaji in this Court on October 26, 2010, seeking both injunctive and monetary relief. Specifically, the Complaint requests an order permanently enjoining Jagaji from any further use of the ECONO LODGE Marks, and a judgment against Defendants, jointly and severally, awarding Choice Hotels the money damages, including reasonable attorney's fees, resulting from Jagaji's infringement of the ECONO LODGE Marks. (Compl. pp. 15-16.) Jagaji filed its Answer on November 22, 2010. Choice Hotels issued its First Set of Interrogatories to Jagaji, Inc. and to Dinesh Patel on April 26, 2011. Neither Jagaji, Inc. nor Dinesh Patel responded to the interrogatories. Choice Hotels issued its First Request for Production of Documents to Jagaji, Inc. and to Dinesh Patel on April 26, 2011.

Neither Jagaji, Inc. nor Dinesh Patel responded to the production requests. Choice Hotel filed the instant Motion for Summary Judgment on October 13, 2011. This time Jagaji responded by filing an Opposition to Choice Hotels' motion. The matter is now fully briefed and ripe for determination.

## III. STANDARD OF REVIEW

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993).

To survive summary judgment, the non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). A genuine issue of material fact exists "when there is sufficient evidence for a trier of fact to find for the non-moving party." *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 335 (6th Cir. 2010); *see also Westco Group, Inc. v. K.B. & Assocs.*, 128 F. Supp. 2d 1082, 1086 (N.D. Ohio 2001) ("A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication.").

## IV. LAW AND ANALYSIS

### A. Federal Trademark Infringement

Count I of Choice Hotels' Complaint alleges federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114. (Dkt. 1, ¶ 62.) Choice Hotels argues that the evidence it has provided, together with Jagaji's own admissions in its pleadings, establish conclusively Jagaji's breach of the Agreement and infringement of Choice Hotels' registered ECONO LODGE Marks.

Section 32 of the Lanham Act "prohibits the unauthorized use of a registered trademark when selling or advertising a good or service using the trademark is likely to confuse or deceive consumers."[1] *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1188 (6th Cir. 1997). The Sixth Circuit has held that, "[i]n order to defeat summary judgment in a Lanham Act case alleging violations of sections 32 and 43, defendants must raise a genuine issue of fact as to (1) whether their use of the trademark was without the registered owner's consent, or (2) whether their unauthorized use was likely to cause confusion in the marketplace as to the origin or sponsorship of the product." *Id.* at 1189.

---

[1] Section 32 reads, in pertinent part:

    (1) Any person who shall, without the consent of the registrant--

        (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

        (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant.

Jagaji argues that granting summary judgment is inappropriate because of the following disputed issues of material fact:

(1) whether Jagaji breached the Franchise Agreement;

(2) whether the Franchise Agreement was legally, properly and clearly terminated by Choice;

(3) whether Jagaji's authorized use of the ECONO LODGE trademark was clearly and properly revoked prior to November 17, 2009;

(4) whether Jagaji took reasonable action to discontinue use of the ECONO LODGE trademark once Choice made its position clear; and

(5) whether the steps taken by Jagaji to de-identify the hotel as an ECONO LODGE were sufficient to prevent confusion.

(Dkt. 22, at 1-2.) Upon the Court's review of the parties' pleadings and exhibits, however, there is no genuine issue of material fact over Jagaji's liability for trademark infringement. Jagaji admits that it continued to display the ECONO LODGE Marks on the Property in connection with its hotel after Choice Hotels unequivocally denied Jagaji the authority to do so. As a matter of law, therefore, Choice Hotels has established Jagaji's liability for trademark infringement under the Lanham Act.

Jagaji admits receiving Choice Hotels' notices of default in July and October of 2008, as well as the Notice of Termination in November 2008. Jagaji was then removed from Choice Hotels' Econo Lodge reservation system. Jagaji claims that because it received three form letters from Choice Hotels regarding management certification in July and August of 2009, it still reasonably believed Choice Hotels considered Jagaji to be a franchisee, and that the relationship had not been terminated. At oral argument, counsel for Jagaji acknowledged that Choice Hotels never rescinded the Notice of Termination.

In any event, any remaining belief Jagaji held that it was still a franchisee authorized to use Choice Hotels' trademarks was dispelled upon Jagaji's receipt of Choice Hotels' Infringement Letter expressly forbidding Jagaji from any further use of the ECONO LODGE Marks. The Infringement Letter was sent to Defendants by Choice Hotels' Assistant General Counsel, Mr. Bret Limage, and stated, in relevant portion:

> [Despite Choice Hotels International Inc.'s ("Choice") November 17, 2008 notice of termination and my letter of September 8, 2009, you [Jagaji] continue to operate your hotel as an Econo Lodge® hotel even though your franchise agreement with Choice was terminated over one year ago.
>
> Choice will not allow your continued use of the Econo Lodge® marks. By using the marks without our permission and without paying us for that privilege, you violate the law of unfair competition and commit trade name and service mark infringement.
>
> In the event you do nto respond by November 24, 2009 with confirmation that you will be ceasing all use of Choice's marks, ***please be assured that Choice will file an infringement suit against you in Federal Court.***

(Compl., Exh. 12.)

Choice Hotels' position in the Infringement Letter was crystal clear: Jagaji was no longer a franchisee of Choice Hotel, and was no longer authorized to use Choice Hotels' registered trademarks. Jagaji was ordered to cease its use of Choice Hotels' marks within a reasonable time frame, but it admittedly failed to do so. Jagaji claims, the parties may have legitimate disagreements about the alleged breaches of the Agreement by Jagaji, and/or the intent or effect of the notices of default and termination sent by Choice Hotels to Jagaji. Those alleged disputed issues, however, do not serve to create a genuine dispute of the material facts establishing Jagaji's unauthorized use of the ECONO LODGE Marks after receiving the Infringement Letter.

The existence of a factual dispute "precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication." *Westco Group, Inc.*, 128 F. Supp. 2d. at

1085 (citing *Anderson*, 477 U.S. 242, and continuing that, "[t]he dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit"). Where, as here, the factual disputes raised by the non-moving defendant need not be resolved to establish liability as a matter of law, summary judgment is appropriate.

To determine whether the defendant's use of another's trademark is likely to cause consumer confusion, which is "the touchstone of liability under § 1114," typically, the Court must consider eight factors: (1) the strength of plaintiff's mark; (2) the relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care and sophistication; (7) intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines using the marks. *Daddy's Junky Music Stores v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997).

In *U.S. Structures*, the Sixth Circuit held, however, in a similar context involving a restaurant chain franchise agreement, that "proof of continued, unauthorized use of an original trademark by one whose license to use the trademark had been terminated is sufficient to establish 'likelihood of confusion.'" 130 F.3d at 1190. There is no dispute that Jagaji continued to use the ECONO LODGE Marks after its license was terminated, and so there can be no genuine issue of fact as to "whether [Jagaji's] unauthorized use was likely to cause confusion in the marketplace." *Id.* at 1189.

Jagaji also claims that material issues of fact exist as to whether Jagaji took reasonable action to discontinue use of the ECONO LODGE trademark once Choice Hotel made its position clear to Jagaji. While the Court appreciates Mr. Patel's testimony that, once he received the Infringement Letter from Choice Hotels, Jagaji took some measures to stop using Choice Hotels'

9

marks and to mitigate any confusion of its hotel with an Econo Lodge, those factual issues would bear on the measure of Choice Hotels' damages from the infringement, not liability.[2]

When viewing the evidence in the light most favorable to Jagaji, as the Court must, Jagaji's admitted use of the ECONO LODGE Marks, at least on the "high rise Econo Lodge sign," after the Infringement Letter's demand, establishes liability. *Matsushita*, 475 U.S. at 587. Because 'likelihood of confusion' is established, and the Infringement Letter similarly leaves no genuine dispute as to "whether [Jagaji's] use of the trademark was without the registered owner's consent," Choice Hotels has met its burden to establish a Lanham Act violation. *Id.*

### B. Choice Hotels' Remaining Claims (Counts II – IV)

Choice Hotels claims that the same facts establishing Jagaji's liability for federal trademark infringement also establish liability for Federal Unfair Competition (Count II), Violation of the Ohio Deceptive Trade Practices Act (Count III), and Common Law Trademark Infringement and Common Law Unfair Competition (Count IV).[3]

This Court has held that "the same analysis applies" when determining liability on a "plaintiffs' [federal] trademark infringement, [federal] unfair competition, and Ohio law claims" for common law trademark infringement, unfair competition, and deceptive trade practices. *Victoria's Secret Stores v. Artco Equip. Co.*, No. C-2-01-198, 194 F. Supp. 2d 704, 724 n. 8 (S.D. Ohio 2002); *see also Coach, Inc. v. Cellular Planet*, Case No. 09-cv-00241, 2010 U.S. Dist. LEXIS 62033, at *4 (S. D. Ohio 2010) ("Coach's claims of deceptive trade practices under

---

[2] The Court notes, After the Infringement Letter, Choice Hotels gave Jagaji almost another full year to discontinue its use of the ECONO LODGE Marks before filing suit in October 2010. By that time, it had been almost two full years since Choice Hotels had sent Jagaji the Notice of Termination, which required Jagaji to discontinue its use of its trademarks. (Compl., Exh. 11.)

[3] The Complaint lists this claim as "Count V," *see* Compl. p. 15, however this appears to be a clerical error.

Ohio law and common law trademark infringement are also met, since these claims are considered encompassed by the federal trademark infringement analysis.").[4]

Jagaji's liability under 15 U.S.C. § 1114 for its unauthorized use and display of Choice Hotels' registered trademarks, therefore, also establishes Jagaji's liability for Choice Hotels' claims of federal unfair competition under 15 U.S.C. § 1125(a), deceptive trade practices under Ohio Rev. Code § 4165.01 *et seq.*, and Ohio common law claims for trademark infringement and unfair competition.

**C. Choice Hotels' Request for Hearing on Injunction, Damages, and Attorney's Fees**

Finally, Choice Hotels requests a hearing pursuant to 15 U.S.C. § 1116 to determine the scope of injunctive relief, the proper measure of damages and lost profits for Jagaji's infringement of Choice Hotels' marks, and attorneys fees. Section 1116 provides the Court with "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 43 [15 USCS § 1125]." 15 U.S.C. § 1116(a).

Having determined liability as a matter of law under, *inter alia*, 15 U.S.C §§ 1114 and 1125, the next step will be to determine the appropriate injunctive relief to prevent any further infringement of Choice Hotels' trademarks by Jagaji and monetary relief to compensate Choice Hotels for any applicable damages. Choice Hotels' request for a hearing is **GRANTED**.

---

[4] The Sixth Circuit and Ohio state courts have affirmed this claim overlap as well. *See Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1122-23 (6th Cir. 1996) (holding that the same factors apply to claims of trademark infringement, unfair competition, and false designation of origin); *Cesare v. Work*, 36 Ohio App. 3d 26, 28 (1987) ("[W]here claims are made under Ohio common law and the deceptive trade practices statutes, courts are to apply essentially the same analysis as that applied in assessing unfair competition under the federal statutes.").

## V. CONCLUSION

Choice Hotels' Motion for Summary judgment is **GRANTED**, with respect to all claims (Counts I through IV). Choice Hotels' request for a hearing to determine the scope of any injunctive relief, the appropriate measure of damages, and attorneys' fees is **GRANTED**.

Choice Hotels' opening brief in support of its proposed injunctive relief and proffer of damages under the Lanham Act shall be submitted no later than **Monday, September 24, 2012**. Jagaji shall submit its response by **Monday, October 8, 2012,** Choice's reply memorandum, if any, **Monday, October 15, 2012**.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                                  **Algenon L. Marbley**
                                                  **United States District Judge**

**Dated: September 10, 2012**